**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUCIANO MANZANO CALIX  )<br>1420 Meridian Place NW  )<br>Washington, DC 20010  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MR. CHEN'S, INC.  )<br>2604 Connecticut Avenue NW  )<br>Washington, DC 20008  )<br>  )<br>SHIAUFENG T. CHEN  )<br>4390 Eskridge Terrace NW  )<br>Washington, DC 20016  )<br>  )<br>  Defendants.  )<br>_____) | Civil Action No. _____ |

## COMPLAINT

### Introduction

1. Plaintiff brings this action to recover damages for Defendants' willful failure to pay Plaintiff minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*

### Jurisdiction and Venue

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

4. Plaintiff is an adult resident of Washington, DC.

5. Defendant Mr. Chen's, Inc. is a District of Columbia corporation with its principal place of business at: 2604 Connecticut Avenue NW; Washington, DC 20008. Mr. Chen's, Inc.'s resident agent for service of process is: Shiaufeng T. Chen.

6. Defendant Shiaufeng T. Chen is an adult resident of Washington, DC. He resides at: 4390 Eskridge Terrace NW; Washington, DC 20016

**Factual Allegations**

7. Defendant Mr. Chen's Inc. is a Chinese restaurant that does business as "Mr. Chen's Organic Chinese Cuisine" at 2604 Connecticut Avenue NW; Washington, DC 20008.

8. Shiaufeng T. Chen is the sole owner of Mr. Chen's, Inc. He exercises exclusive control over the operation of Mr. Chen's, Inc.

9. At all relevant times, Defendants had more than two employees, and the annual gross volume of Defendants' business exceeded $500,000.00.

10. Plaintiff worked for Defendants from approximately 2003 through August 26, 2013.

11. Plaintiff's duties included: cleaning vegetables and meat, food preparation, opening the restaurant, washing dishes, and rodent control.

12. Defendant Shiaufeng T. Chen directly supervised Plaintiff in all of his duties, and was alone responsible for setting the terms and conditions of Plaintiff's employment. He had the power to hire and fire Plaintiff, and he exercised exclusive and unfettered control over how many hours Plaintiff worked and how much Plaintiff was paid.

13.     At all relevant times, Plaintiff worked approximately 72 hours per workweek on the premises of Mr. Chen's, Inc. Plaintiff was required to work 12 hours per day, Monday through Saturday.

14.     Plaintiff's official schedule was 10:30 am to 10:30 pm, Monday through Saturday. However, defendant Shiaufeng T. Chen permitted Plaintiff to leave earlier than 10:30 pm if Plaintiff arrived an equivalent amount of time before 10:30 am.

15.     Defendant Shiaufeng T. Chen gave Plaintiff a key to the restaurant so that, on certain days, and at the direction of Defendant Shiaufeng T. Chen, Plaintiff could show up well before the restaurant opened. For example, on the day of health department inspections, Plaintiff, at the direction of Defendant Shiaufeng T. Chen, would open the restaurant several hours early to 'prepare' for the inspection.

16.     Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008..

17.     At all relevant times, Plaintiff did not take vacations or sick days, and was not permitted to take holidays – with the exception of Thanksgiving Day.

18.     At all relevant times, Defendant Shiaufeng T. Chen paid Plaintiff $2200.00 per month. On the first of each month, Defendant Shiaufeng T. Chen gave Plaintiff a check, drawn on the account of Defendant Mr. Chen's Inc., for $1100.00. And on the 16th of each month, Defendant Shiaufeng T. Chen gave Plaintiff $1100.00 in cash.

19.     Over the last three years, Plaintiff repeatedly asked Defendant Shiaufeng T. Chen to pay him more, but Shiaufeng T. Chen refused. Defendant Shiaufeng T. Chen told Plaintiff that the minimum wage laws applied to "businesses," but Mr. Chen's Organic Chinese Cuisine was a "*restaurant*."

20. At all relevant times, the federal minimum wage was $7.25 per hour, and the District of Columbia minimum wage was $8.25 per hour.

21. For Plaintiff's work from October 31, 2010 (three years prior to the filing of this complaint) through August 26, 2013, Plaintiff is owed approximately $32,202.50 in minimum and overtime wages.

22. On information and belief, Defendants were aware of their minimum and overtime wage obligations under the FLSA and the DCMWA.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA
**(29 U.S.C. § 201 *et seq.*)**

23. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

24. Plaintiff was an "employee" of Defendants within the meaning the FLSA, 29 U.S.C. § 203(e)(1).

25. Plaintiff was a "non-exempt" employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 213.

26. Defendants were "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

27. The FLSA requires employers to pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

28. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

29. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

30. Defendants violated the FLSA by knowingly failing to pay Plaintiff the applicable minimum wage.

31. Defendants violated the FLSA by knowingly failing to pay Plaintiff one and one-half times the applicable minimum wage for hours worked in excess of 40 hours in any one work week.

32. Defendants' violations of the FLSA were willful.

33. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wage compensation in the amount of approximately $32,202.50, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM WAGES UNDER THE DCMWA
### (D.C. Code § 32-1001 *et seq.*)

34. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

35. Plaintiff was an "employee" of Defendants within the meaning of the DCMWA, D.C. Code § 32-1002(2).

36. Plaintiff was a "non-exempt" employee of Defendants within the meaning of the DCMWA, D.C. Code § 32-1004.

37. Defendants are "employers" within the meaning of the DCMWA, D.C. Code § 32-1002(3).

38. The DCMWA requires employers to pay non-exempt employees a minimum wage one dollar higher than the federal minimum wage. D.C. Code § 32-1003(a).

39. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

40. Defendants violated the DCMWA by failing to pay Plaintiff the D.C. applicable minimum wage.

41. Defendants violated the DCMWA by knowingly failing to pay Plaintiff one and one-half times the applicable minimum wage for hours worked in excess of 40 hours in any one work week.

42. Defendants' violations of the DCMWA were willful.

43. For their violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wage compensation in the amount of $32,202.50, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants, jointly and severally, in Plaintiff's favor on all counts, and grant the following relief:

a. Award Plaintiff $64,405.00, constituting unpaid minimum and overtime wages, and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216;

b. Award Plaintiff $64,405.00, constituting unpaid minimum and overtime wages, and an equal amount as liquidated damages, pursuant to D.C. Code § 32-1012;

c. Award Plaintiff his reasonable attorneys' fees, expenses and costs of court;

d. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

  e. Award any additional relief the Court deems just.

Date: October 31, 2013          /s/Justin Zelikovitz
                    Justin Zelikovitz (#986001)
                    Law Office of Justin Zelikovitz PLLC
                    409 U Street NW
                    Washington, DC 20001
                    T: (202) 445-6960
                    F: (202) 683-6102
                    justin@dcwagelaw.com

                    *Counsel for Plaintiff*